# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ROBERT CROSBY, as heir and representative for FREDDIE LEONARD CROSBY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO. CV 18-01103 AS<br><br>**MEMORANDUM OPINION**<br><br>**AND ORDER OF REMAND** |

Pursuant to Sentence Four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter be remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On May 24, 2018, Aaron Robert Crosby, as heir and representative for Freddie Leonard Crosby, ("Plaintiff"), filed a Complaint seeking review of the denial of Plaintiff's application

for Disability Insurance Benefits[1]. (Dkt. No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11-19). On October 31, 2018, Defendant filed an Answer along with the Administrative Record ("AR"). (Dkt. Nos. 13-14). The parties filed a Joint Stipulation ("Joint Stip.") on February 19, 2019, setting forth their respective positions regarding Plaintiff's claim. (Dkt. No. 19).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE RECORD**

On January 8, 2014, Plaintiff, formerly employed as a heavy truck driver and a building maintenance repairer (AR 47), filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), pursuant to Titles II and XVI of the Social Security Act, alleging a disability onset date of October 1, 2013. (AR 223-32). Plaintiff's applications were denied initially and on reconsideration. (AR 94-119, 165-70). On December 16, 2016, the Administrative Law Judge ("ALJ"), Norman L. Bennet, heard testimony from Gregory S. Jones, a vocational expert ("VE"). (AR 53-58). Plaintiff was not present

---

[1] Although Plaintiff submitted applications for Disability Insurance Benefits and Supplemental Security Income, which were denied, the complaint only seeks review of the denial of Plaintiff's application for Disability Insurance Benefits.

2

at this hearing but was represented by counsel. (AR 55). Plaintiff passed away on December 31, 2016. (AR 39).

On February 14, 2017, the ALJ issued a decision denying Plaintiff's request for benefits. (AR 33-52). Applying the five-step sequential process, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since October 1, 2013, the alleged onset date. (AR 39). At step two, the ALJ found that Plaintiff's status-post left knee arthroscopic surgery, lumbar sprain/strain, obesity, schizoaffective disorder, and depressive disorder were severe impairments.[2] (AR 39). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of the listings enumerated in the regulations. (AR 39-41).

The ALJ then assessed Plaintiff's residual functional capacity ("RFC")[3], finding that Plaintiff could perform less than a full range of medium work, as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c)[4], with the following limitations:

---

[2] The ALJ determined that Plaintiff's cephalgia and hypertension were non-severe. (AR 39).

[3] The RFC is what a claimant can still do despite existing exertional and non-exertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that

3

[Plaintiff] could lift and carry 50 pounds occasionally and 25 pounds frequently; stand and walk for six hours out of an eight-hour day; sit for six hours out of eight hours; could perform occasional postural activities; and was limited to simple repetitive tasks.

(AR 41). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (AR 46). At step five, based on Plaintiff's RFC, age, education, work experience, and the VE's testimony, the ALJ determined Plaintiff could perform jobs existing in significant numbers in the national economy, including hand packager, laundry laborer, and dining room attendant. (AR 48). Accordingly, the ALJ found that Plaintiff was not under a disability as defined by the Social Security Act from October 1, 2013, through December 31, 2016, the date of his death. (AR 48).

The Appeals Council denied Plaintiff's request for review on March 20, 2018. (AR 1-6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383(c).

---

he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. 42 U.S.C § 405(g); See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). "Substantial evidence" is more than a mere scintilla, but less than a preponderance." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). It is relevant evidence "which a reasonable person might accept as adequate to support a conclusion." Hoopai, 499 F. 3d at 1074; Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). To determine whether substantial evidence supports a finding, "a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citation omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (inferences "reasonably drawn from the record" can constitute substantial evidence).

This Court "may not affirm [the Commissioner's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Commissioner's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and internal quotation marks omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence

supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973). "If the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**PLAINTIFF'S CONTENTIONS**

Plaintiff contends that the ALJ failed to (1) provide specific and legitimate reasons for rejecting the opinion of the consultative examiner; and (2) evaluate his mental impairment between October 2013 and mid-2015. (Joint Stip. at 4-10).

**DISCUSSION**

After consideration of the parties' arguments and the record as a whole, the Court finds that Plaintiff's claims of error warrant remand for further consideration.

//

//

//

**A. The ALJ Failed To Provide Specific and Legitimate Reasons To Reject the Consultative Examiner's Opinion**

Plaintiff asserts the ALJ failed to state specific and legitimate reasons for rejecting the opinion of psychiatric consultative examiner, Dr. Laja Ibraheem. (Joint Stip. at 4-7, 9-10). Defendant asserts that the ALJ provided sufficient reasons for rejecting Dr. Ibraheem's opinion. (Joint Stip. 7-9).

An ALJ must consider all medical opinions on record together with the relevant evidence they receive. 20 C.F.R. §§ 404.1527(b), 416.927(b). The regulations "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians)." Lester v. Chater, 81 F.3d 821,830 (9th Cir. 1995), as amended (Apr. 9, 1996). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing [(non-examining)] physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); accord Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). "The weight afforded a non-examining physician's testimony depends 'on the degree to which they provide supporting explanations for their opinions.'" Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194,1201 (9th Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(3)).

Additionally, an ALJ may not reject the uncontradicted opinion of a treating or examining doctor without providing "clear and convincing reasons that are supported by substantial evidence." Carmickle, 533 F.3d at 1164; Lester, 81 F.3d at 830-31. However, "if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation omitted); accord Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (citation omitted); See also Andrews v. Shalala, 53 F.3d 1035,1040 (9th Cir. 1995) (a non-examining physician's opinion may serve as substantial evidence when it is based on independent objective clinical findings). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Reddick, 157 F.3d at 725. Thus, the "ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).

On April 19, 2014, Dr. Ibraheem conducted a complete psychiatric evaluation of Plaintiff. (AR 258-62). Plaintiff's chief complaints were being emotional, having depression and

hearing voices. (AR 258). Dr. Ibraheem made the following observations:

> [Plaintiff] talking to himself; his eye contact was minimal; [his] mood was depressed; his affect was flat; psychomotor retardation was noted; he was distractible but had no delusions; he recalled one out of three objects in five minutes with help; he was not able to spell the word brown backwards; he could not perform serial threes or serial sevens; he had some difficulty with fund of information; and his insight and judgment was limited.

(AR 45, 258-62). Dr. Ibraheem noted that Plaintiff "was goal directed and did not exhibit looseness of association, thought disorganization, flight of ideas, thought blocking, and tangentiality or circumstantiality." (AR 45).

Dr. Ibraheem diagnosed major depression with psychotic features and determined a global assessment of functioning ("GAF") score of 50[5]. (AR 261). Dr. Ibraheem opined as follows:

---

[5] A GAF score of 41-50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). AMERICAN PSYCHIATRIC ASSOCIATION, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 34 (Text Revision DSM-IV-TR, 4th ed. 2000).

9

> The claimant's ability to understand, remember and carry out complex instructions is poor; his ability to understand, remember, and carry out simple instructions is fair; his ability to maintain concentration, attendance, and persistence is poor; the claimant's ability to perform activities within a schedule and maintain regular attendance is poor; his ability to complete normal workday/workweek without interruption from psychiatric based symptoms is poor; and his ability to respond appropriately to changes in a work setting is poor.

(AR 261).

In contrast, the State agency psychological consultants, who evaluated Plaintiff's mental status (AR 120-151), determined that Plaintiff exhibited mild or moderate limitations, as follows:

> Plaintiff's ability to carry out detailed instructions is moderately limited; his ability to carry out short and simple instructions is not significantly limited; his ability to maintain attention and concentration for extended periods is moderately limited; the claimant's ability to perform activities within a schedule and maintain regular attendance is moderately limited; his ability to complete a normal workday and workweek without interruption from psychologically based symptoms is moderately limited; and his ability to

|   | sustain an ordinary routine without special supervision is moderately limited. |

(AR 131, 147)[6]. Based on their assessment, the State agency psychological consultants concluded that Plaintiff "was limited to no public contact and simple routine tasks." (AR 46). Because Dr. Ibraheem's opinion of Plaintiff's mental impairments was contradicted by the opinions of the psychological consultants, the ALJ was required to give "specific and legitimate reasons" for rejecting Dr. Ibraheem's opinion. Garrison, 759 F.3d at 1012.

Here, the ALJ gave the State agency psychological consultants' opinion "partial weight," finding that their opinion was supported by the ALJ's paragraph B analysis[7] and the relatively stable mental symptoms reflected in Plaintiff's medical records from 2011 to 2014. (AR 46). Because the weight afforded the opinions of non-examining doctors depends on "the degree to which they provide supporting explanations for their opinions," Ryan, 528 F.3d at 1201, and because the opinions were based on, and consistent with, the medical records available, the ALJ properly gave these opinions partial weight.

---

[6] The State agency consultative opinions were issued in August and October 2014 and based on a review of Plaintiffs medical records through July 2014.

[7] Paragraph B is a set of criteria the ALJ must use to see if the severity of the claimant's mental impairment meets or is medically equal to the criteria of a listed impairment, specifically, listing 12.04, in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 39-41).

The ALJ gave two reasons for giving little weight to the opinion of Dr. Ibraheem. First, the ALJ determined that the GAF score assessed by Dr. Ibraheem was a "subjectively assessed score reveal[ing] only a snapshot of impaired and/or improved behavior." (AR 46). However, "[t]he ALJ must do more than offer his conclusions" and simply stating that the score is subjective or is a snapshot was not a specific and legitimate reason to give Dr. Ibraheem's opinion little weight[8]. Reddick, 157 F.3d at 725.

Second, the ALJ gave "more weight [] to the objective details and chronology of the record." (AR 46). However, the only "objective details" in the record the ALJ could be referring to are the ALJ's paragraph B analysis and the mental health treatment Plaintiff received. (AR 45-46). As set forth below, these factors do not provide specific and legitimate reasons for rejecting Dr. Ibraheem's opinion.

The paragraph B[9] analysis examines four functional areas: understanding, remembering, or applying information; interacting

---

[8] While Defendant claims that the ALJ rejected Dr. Ibraheem's opinion because it was based on Plaintiff's subjective symptom testimony, which the ALJ found to be inconsistent with the record, the ALJ's opinion does not refer to this factor as a basis for rejecting Dr. Ibraheem's opinion. The Court will not consider reasons for rejecting Dr. Ibraheem's opinion that were not given by the ALJ in the decision. Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001).

[9] The paragraph B analysis can be used here because "the ALJ must consider 'all of [the plaintiff's] medically determinable impairments of which [the ALJ] is aware,' including those not labeled severe." Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016) (quoting 20 C.F.R. § 416.945(a)(2)).

with others; ability to concentrate, persist, or maintain pace; and adapting or managing oneself. (AR 40-41). Two of the functional areas in the Paragraph B analysis do not correspond to factors that formed the bases of Dr. Ibraheem's opinion. With respect to the first functional area — understanding, remembering or applying information — the ALJ determined that Plaintiff's "ability to learn, recall, and use information to perform work activities independently, appropriately, effectively and on a sustained basis was only slightly limited" because he was able to provide his medical history to providers and complete tasks, directions and examinations required by the consultative examiners. (AR 40). This determination, however, did not address or refute Dr. Ibraheem's opinion that Plaintiff's ability to understand, remember and carry out complex instructions was poor and that his ability to understand, remember and carry out simple instructions was fair. (AR 46). With respect to the third functional area, the ALJ found that Plaintiff's ability to concentrate, persist or maintain pace was moderate because he was able to finish the required tasks on his mental status examination and his medical records did not indicate that he was distracted by internal stimuli or had significant difficulty relaying information or communicating with others. (AR 40). Dr. Ibraheem found Plaintiff's ability to maintain concentration, attendance, and persistence to be poor. (AR 40). The ALJ's findings, with respect to the second and fourth functional areas -- that Plaintiff had mild limitation in his ability to interact with others because the medical record did not indicate that he exhibited significant difficulty "interacting with his treating

13

providers, evaluator, or medical staff," (AR 40), and that Plaintiff did not have any limitation in adapting or managing himself because he was able to "bathe and dress without assistance" and "independently attend the consultative examination" (AR 40-41), -- were not addressed by Dr. Ibraheem.[10]

Moreover, the ALJ's paragraph B assessment did not consider Dr. Ibraheem's opinion that Plaintiff's ability to perform activities within a schedule, maintain regular attendance, complete a normal workday/workweek without interruption from psychiatric based symptoms and respond appropriately to changes in a work setting was poor. Therefore, the ALJ's reliance on his paragraph B assessment was not a specific and legitimate reason to reject Dr. Ibraheem's opinion.

The ALJ also rejected Dr. Ibraheem's opinion based on the mental health treatment that Plaintiff received, and the success of that treatment in addressing Plaintiff's symptoms. (AR 46). However, Plaintiff did not seek mental health treatment for his impairments until March 2015, (see AR 279-330 (treatment notes from January 2015 to September 2016)), and Plaintiff's treatment and any improvements in his mental condition in 2015 and 2016 do not undermine the opinion provided by Dr. Ibraheem in April 2014. See Regennitter v. Comm'r of Soc. Sec. Admin, 166 F.3d 1294,

---

[10] "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits. . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

14

1299-300 (9th Cir. 1999) (error in rejecting doctor's opinion based on lack of treatment where ALJ did not consider reasons for failure to seek treatment). Therefore, the ALJ's reliance on Plaintiff's treatment and progress in 2015 and 2016 was not a specific and legitimate reason for rejecting Dr. Ibraheem's opinion.

**B.** **The ALJ Failed To Consider Whether Plaintiff Was Under A Disability For A 12-Month Period Following The Alleged Onset Date**

Plaintiff contends that in rejecting Dr. Ibraheem's April 2014 opinion regarding Plaintiff's mental impairments, the ALJ failed to consider whether Plaintiff was under a disability for a 12-month period from the disability onset date of October 1, 2013, to at least March 2015, when he sought treatment. (Joint Stip. at 6-7). The Court agrees. Under the Social Security Act, the duration requirement requires that the impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509. Plaintiff alleges that the ALJ failed to consider whether he was disabled for a 12-month period before he sought treatment. (See AR 273-330).

Dr. Ibraheem's evaluation of Plaintiff's mental impairments, which took place in April 2014, is only relevant to a determination of Plaintiff's functional limitations for the period from October 1, 2013 (the alleged disability onset date), to April 2014. See Flaten v. Sec'y of Health & Human Servs., 44

15

F. 3d 1453, 1458 (9th Cir. 1995) (an "individual cannot receive disability benefits for the recurrence of a disability, after a period of medical improvement when the individual was no longer disabled under the Act"). Plaintiff asserts that Dr. Ibraheem's opinion, if properly weighed, supports a finding that Plaintiff was disabled for a 12-month period. (Joint Stip. 4-7). See Moore v. Comm'r of Soc. Sec. Admin., 278 f.3d 920, 926 (9th Cir. 2002) (payment of benefits can be granted for a closed period of time). Defendant does not address this issue in the Joint Stipulation. (Joint Stip. 7-9).

**C.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see also Andrews, 53 F.3d at 1039 ("the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities").

Since the record does not affirmatively establish that Plaintiff was disabled, the matter is remanded for further proceedings. On remand, the ALJ shall reevaluate Dr. Ibraheem's opinion in accordance with SSR 96-5p, considering the full range of relevant medical evidence for the time period in question. The ALJ may consider whether Plaintiff was disabled for a discrete period of time or the ALJ may properly give specific and legitimate reasons to reject Dr. Ibraheem's opinion.

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 10, 2019

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE